JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

John C. Herens

**(b)** County of Residence of First Listed Plaintiff: Cape May County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel S. Orlow, Console Mattiacci Law (Phil.)
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

## DEFENDANTS

International Brotherhood of Electrical Workers Local Union No. 98, International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan, and the Board of Trustees of the International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan

County of Residence of First Listed Defendant: Philadelphia County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
29 U.S.C. §621, et seq.; 29 U.S.C. § 1001, et seq.

Brief description of cause:
Defendants discriminated against Plaintiff because of his age and breached their fiduciary obligations to him.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/24/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| John C. Herens | : | CIVIL ACTION |
| v. | : | |
| International Brotherhood of Electrical Workers Local Union No. 98, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 11/24/2026 | [signature] | Plaintiff, John C. Herens |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 405-2900 | orlow@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN C. HERENS<br>Cape May, NJ 08204<br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98<br>4960 South 12th Street<br>Philadelphia, PA 19112<br><br>and<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PENSION PLAN<br>1719 Spring Garden Street<br>Philadelphia, PA 19130<br><br>and<br><br>BOARD OF TRUSTEES OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 98 PENSION PLAN<br>1719 Spring Garden Street<br>Philadelphia, PA 19130<br>Defendants. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED<br>(AS TO ALL CLAIMS SO TRIABLE) |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, John C. Herens ("Plaintiff"), brings this action against Defendants, International Brotherhood of Electrical Workers Local Union No. 98, International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan, and the Board of Trustees of the International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan (collectively, "Defendants"), for discriminating against him because of his age by maintaining and administering a facially discriminatory Early Retirement Incentive Program that categorically

denies early retirement supplemental benefits to older workers who retire at or after age sixty-two (62), while paying up to $2,000 per month for up to five (5) full years ($120,000 total) to employees based solely on age.

Defendants' unlawful conduct includes maintaining and enforcing an arbitrary, age-based eligibility ceiling that penalizes workers solely for working past age sixty-one (61), failing to disclose the early retirement supplemental benefit to Plaintiff, and denying Plaintiff that benefit because of his age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"). Additionally, Defendants breached their fiduciary duties of loyalty, prudence, and complete and accurate disclosure in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), by failing to inform Plaintiff of the impending forfeiture of up to $120,000 in supplemental retirement benefits before he turned age sixty-two (62).

Plaintiff seeks all appropriate legal and equitable relief, including economic loss and lost benefits, liquidated damages under the ADEA, make-whole equitable relief under ERISA, reasonable attorneys' fees and costs, and all other relief this Court deems just and proper.

## II. <u>PARTIES</u>

1. Plaintiff, John C. Herens, is an individual and a citizen of the State of New Jersey. Plaintiff resides in Cape May, New Jersey.

2. Plaintiff was born on January 6, 1960. As of when Plaintiff's retirement became effective on May 1, 2022, Plaintiff was sixty-two (62) years of age. Plaintiff is currently sixty-six (66) years of age.

3. Plaintiff worked as an Electrician in Philadelphia, Pennsylvania.

4. Defendant International Brotherhood of Electrical Workers Local Union No. 98 ("Defendant Local 98") is a labor organization that maintains offices located at 4960 South 12th Street, Philadelphia, PA 19112.

5. Defendant Local 98 is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

6. Defendant Local 98 has approximately four thousand (4,000) members.

7. At all relevant times, Defendant Local 98 acted as a labor organization (and, to the extent applicable, an employer and/or agent) within the meaning of the ADEA.

8. Defendant Local 98 also exercised discretionary authority and/or control over the management, administration, and member communications regarding pension and retirement benefits, including through union-appointed trustees and union officers, agents, or representatives who counseled members concerning retirement eligibility and benefits, thereby acting as a functional fiduciary within the meaning of ERISA.

9. Defendant International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan ("Defendant Pension Plan") is an employee pension benefit plan within the meaning of ERISA that provides pension and retirement benefits, including the Early Retirement Incentive Program, for members of Defendant Local 98, including Plaintiff.

10. Defendant Pension Plan maintains its benefit fund office at 1719 Spring Garden Street, Philadelphia, PA 19130.

11. Defendant Board of Trustees of the International Brotherhood of Electrical Workers Local Union No. 98 Pension Plan ("Defendant Board of Trustees") is the Plan Administrator and/or named fiduciary of Defendant Pension Plan within the meaning of ERISA, and maintains its offices at 1719 Spring Garden Street, Philadelphia, PA 19130.

12. At all relevant times, Defendant Board of Trustees had discretionary authority and responsibility over the management, administration, interpretation, benefit determinations, and participant disclosures of Defendant Pension Plan and the Early Retirement Incentive Program.

13. At all relevant times, Defendants acted by and through their authorized officers, trustees, agents, servants, workmen, and/or employees acting within the course and scope of their employment or authority and in furtherance of Defendants' business and plan administration.

14. At all relevant times, Plaintiff was an employee, union member, and ERISA plan participant within the meaning of the ADEA and ERISA.

## III. JURISDICTION AND VENUE

15. The causes of action forming the basis of this matter arise under the ADEA and ERISA.

16. This Court has subject matter jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

17. This Court has subject matter jurisdiction over Count II (ERISA) pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Defendant Pension Plan is administered in this District, Defendants reside and maintain their principal offices in this District, and a substantial part of the events or omissions giving rise to these claims occurred within this District.

19. On or about July 27, 2026, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 530-2026-08542, complaining of the acts of age discrimination alleged herein. That Charge was dual-filed with the Pennsylvania Human Relations Commission ("PHRC") and the Philadelphia Commission on Human Relations

("PCHR"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's Charge of Discrimination (with personal identifying information redacted).

20. On or about September 3, 2026, the EEOC issued to Plaintiff a Determination and Notice of Rights pertaining to Plaintiff's Charge of Discrimination. Attached hereto and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

21. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

22. On or about September 1, 1984, Plaintiff began working as an Electrician and became a member of Defendant Local 98.

23. Plaintiff last held the position of Electrician.

24. Plaintiff consistently demonstrated positive performance, skill, and dedication throughout his career.

25. At the time of his retirement, Plaintiff had nearly thirty-eight (38) years of service and was a vested participant in Defendant Pension Plan.

26. Plaintiff turned sixty-two (62) years of age on January 6, 2022.

27. Plaintiff's retirement became effective May 1, 2022—less than four (4) months after his sixty-second birthday.

28. At all relevant times, Defendants maintained and administered an Early Retirement Incentive Program ("ERIP") as part of Defendant Pension Plan, which provided an early retirement supplemental benefit.

29. Under the express written terms of the ERIP in effect at the time of Plaintiff's retirement, a participant was required to be at least age fifty-seven (57) and no older than age sixty-one (61) upon retirement to qualify for the early retirement supplemental benefit.

30. The ERIP supplemental benefit provided qualifying retirees with a monthly supplemental benefit of up to $2,000 per month for a period up to five (5) years—a total benefit of up to $120,000.

31. Under the express terms of the ERIP in effect at the time of Plaintiff's retirement, workers who retired at or after age sixty-two (62), such as Plaintiff, were categorically disqualified from receiving any portion of the supplemental benefit solely because of their age.

32. Under the terms of the ERIP, workers older than sixty-one (61) can never become eligible for the early retirement supplemental benefit, regardless of their years of service or contributions.

33. Defendants afforded the early retirement supplemental benefit to younger employees who retired between ages fifty-seven (57) and sixty-one (61), while categorically denying the same benefit to older employees, including Plaintiff, who retired at or after age sixty-two (62).

34. The ERIP's early retirement supplemental benefit is facially discriminatory on the basis of age, and has the purpose, intent, and effect of discriminating against older workers aged sixty-two (62) and above.

35. Prior to January 6, 2022 (when Plaintiff turned age sixty-two (62)) and prior to his May 1, 2022 retirement, Defendants failed to disclose to Plaintiff that if he retired before turning age sixty-two (62), he would receive up to $2,000 per month for up to five (5) years ($120,000

total) under the ERIP, and that continuing to work past his sixty-second birthday would result in a complete and permanent forfeiture of that benefit.

36. Upon information and belief, prior to January 6, 2022, Defendants failed to furnish Plaintiff with the applicable Summary Plan Description ("SPD"), Summary of Material Modifications ("SMM"), or other clear written notice accurately informing him of the ERIP and its age-sixty-one (61) eligibility cutoff.

37. At all relevant times prior to January 6, 2022, Defendants possessed Plaintiff's date of birth and service records, knew that Plaintiff had nearly thirty-eight (38) years of service and was approaching age sixty-two (62) while nearing retirement and knew or should have known that Plaintiff was unaware of the ERIP's age-sixty-one (61) forfeiture cliff and that Defendants' silence would cause him substantial financial harm.

38. Plaintiff reasonably and detrimentally relied upon Defendants' incomplete disclosures and material omissions regarding his retirement options and benefit eligibility.

39. Had Defendants disclosed the ERIP and its age-sixty-one (61) eligibility cutoff to Plaintiff prior to January 6, 2022, Plaintiff would have elected to retire before turning age sixty-two (62) in order to secure the $2,000 per month five-year early retirement supplemental benefit.

40. In addition to maintaining a facially discriminatory benefit structure, Defendants disclosed and paid the early retirement supplemental benefit to similarly situated younger employees (ages fifty-seven (57) through sixty-one (61)), while failing to disclose and denying that benefit to Plaintiff because of his age.

41. Because Defendants concealed and/or failed to disclose the existence and eligibility terms of the ERIP before his retirement, Plaintiff had no actual or constructive knowledge of the

ERIP or of his exclusion from it until April 22, 2026, when Plaintiff first learned that Defendants had maintained the early retirement supplemental benefit and failed to disclose or pay it to him.

42. Because the ERIP supplemental benefit is paid in monthly installments over a period up to five years, Defendants have issued, and continue to issue, monthly pension payments to Plaintiff that exclude the $2,000 monthly supplemental benefit. Each monthly pension payment issued to Plaintiff within the three hundred (300) days preceding July 27, 2026 constitutes an unlawful, recurring discriminatory compensation and benefit practice.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer substantial economic loss.

**COUNT I – ADEA**

***(29 U.S.C. § 621, et seq.)***

44. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

45. By maintaining and administering an Early Retirement Incentive Program that facially excludes participants aged sixty-two (62) and older from retirement benefits based solely on age, and by failing to disclose and denying Plaintiff that benefit because of his age, Defendants have violated the ADEA.

46. As a direct and proximate result of Defendants' violations of the ADEA, Plaintiff has suffered substantial economic injuries and lost benefits and has incurred reasonable attorneys' fees and costs.

47. Defendants' violations of the ADEA were knowing, reckless, and willful, warranting the imposition of liquidated damages.

48. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless this Court grants the relief requested herein.

49. No previous application has been made for the relief requested herein.

**COUNT II - ERISA BREACH OF FIDUCIARY DUTY**

50. Plaintiff incorporates by reference the foregoing factual allegations as if set forth herein in their entirety.

51. At all relevant times, Defendant Pension Plan, including the Early Retirement Incentive Program and its early retirement supplemental benefit, was an employee pension benefit plan governed by ERISA and Plaintiff was a participant therein within the meaning of ERISA.

52. At all relevant times, Defendant Board of Trustees, and Defendant Local 98 acted in a fiduciary capacity with respect to Plaintiff and administration of Defendant Pension Plan.

53. Defendants breached their fiduciary duties under ERISA by omitting and failing to disclose material information concerning the ERIP—specifically, that Plaintiff was eligible for up to $2,000 per month for up to five years ($120,000 total) if he retired prior to turning age sixty-two (62) on January 6, 2022, and that retiring after that date would permanently forfeit the entire supplemental benefit.

54. At the time of these omissions, Defendants knew of Plaintiff's approaching sixty-second birthday, his nearly thirty-eight (38) years of service, and his retirement planning/eligibility status, and knew or should have known that Plaintiff was unaware of the ERIP's age-sixty-one (61) cutoff and that Defendants' silence would cause him serious financial harm.

55. Plaintiff reasonably and detrimentally relied on Defendants' material omissions. Had Defendants timely disclosed the ERIP and its age-sixty-one (61) eligibility cutoff prior to January 6, 2022, Plaintiff would have retired before turning age sixty-two (62) and received the $2,000 per month five-year supplemental benefit.

56. Pursuant to ERISA, Plaintiff is entitled to appropriate make-whole equitable relief to place Plaintiff in the position he would have occupied had Defendants fulfilled their fiduciary duties, together with prejudgment interest and reasonable attorneys' fees and costs pursuant to ERISA.

57. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of the ADEA;

(b) declaring that Defendants breached their fiduciary duties in violation of ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1);

(c) enjoining and permanently restraining Defendants from continuing the unlawful violations alleged herein;

(d) entering judgment against Defendants and in favor of Plaintiff in an amount to be determined at trial;

(e) awarding make-whole economic damages;

(f) awarding liquidated damages;

(g) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees;

(h) awarding prejudgment and post-judgment interest as permitted by law; and

(i) granting such other and further legal or equitable relief as this Court may deem just and proper.

**CONSOLE MATTIACCI LAW, LLC**

By: *[/s/ Daniel Orlow]{.underline}*
DANIEL ORLOW, ESQUIRE
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676

*Attorney for Plaintiff*

Dated: November 24, 2026

# Exhibit 1

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | AGENCY<br>Q FEPA<br>X EEOC | CHARGE NUMBER |
|---|---|---|
| STATE OR LOCAL AGENCY: Pennsylvania Human Relations Commission; Philadelphia Commission on Human Relations | | |

| NAME (Indicate **Mr.**, Ms., Mrs.)<br>**John C. Herens** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>[redacted] |
|---|---|

| STREET ADDRESS<br>[redacted] | CITY, STATE AND ZIP<br>Cape May, NJ 08204 | DATE OF BIRTH<br>[redacted] |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one, list below)

| NAME<br>**International Brotherhood of Electrical Workers Local Union No. 98** | NUMBER OF EMPLOYEES, MEMBERS<br>Approximately 4,000 | TELEPHONE (Include Area Code)<br>(215) 563-5592 |
|---|---|---|
| STREET ADDRESS<br>4960 South 12th Street | CITY, STATE AND ZIP<br>Philadelphia, PA 19112 | COUNTY<br>Philadelphia |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race Q Color Q Sex Q Religion Q National Origin<br>Q Retaliation **X** Age Q Disability Q Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest* *Latest* 04/22/2026 |
|---|---|

**The Particulars Are:**

A. 1. Relevant Work History

I was hired by Respondents on or about September 1, 1984. I last held the position of Electrician.

Respondents discriminated against me because of my age (62) by denying me the early retirement supplemental benefit under Respondents' Early Retirement Incentive Program, a benefit that was available to younger employees who retired before reaching age sixty-two (62). Respondents afforded the supplemental benefit to younger employees while denying it to older employees, including me. Respondents failed to inform me of the supplemental benefit that I could have been afforded if I would have retired at least four (4) months earlier than I had retired.

I consistently demonstrated positive performance and dedication throughout my employment with Respondents.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (when necessary for State and Local Requirements)<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |
| Date: 7/23/2026 Charging Party (*Signature*):<br>John C Herens | SIGNATURE OF COMPLAINANT<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, Month, and Year) |

JCH



2. Harm Summary

I have been discriminated against because of my age (62). Evidence of the discriminatory conduct to which I have been subjected includes, but is not limited to, the following.

a. At the time of my retirement, I had thirty-eight (38) years of service with Respondents.

b. My retirement became effective May 1, 2022.

c. I was age sixty-two (62) when my retirement became effective.

d. Before my retirement became effective, Respondents failed to disclose to me that, if I had retired before I turned age sixty-two (62) on January 6, 2022, I would have received an early retirement supplementary benefit under Respondents' Early Retirement Incentive Program.

e. Respondents maintained an Early Retirement Incentive Program that included an early retirement supplemental benefit.

f. Under the terms of the Program at the time of my retirement, a participant was required to be at least age fifty-seven (57) and could not be older than sixty-one (61) to qualify for the early retirement supplemental benefit.

g. The supplemental benefit provided qualifying employees with a monthly supplemental benefit of up to $2,000 per month for five (5) years.

h. Under the terms of the Program at the time of my retirement, employees who retired at or after age sixty-two (62), such as me, could never receive the supplemental benefit.

i. Under the terms of the Program at the time of my retirement, employees older than sixty-one (61) can never be eligible for the early retirement supplemental benefit.

j. Respondents afforded the early retirement supplemental benefit to younger employees who retired between the ages of fifty-seven (57) and sixty-one (61) while denying the same benefit to older employees, such as me, who retired at or after age sixty-two (62).

k. The Program's early retirement supplemental benefit incentive has the purpose and effect of discriminating against older employees.

l. The Early Retirement Incentive Program is discriminatory in its intent and its impact on older employees.

m. On April 22, 2026, I learned that Respondents failed to disclose to me the early retirement supplemental benefits before my retirement or pay me the early retirement supplemental benefits in violation of civil rights laws.

n. Respondents failed to disclose to me the early retirement supplemental benefit because of my age.

o. Respondents failed to pay me and/or denied me the early retirement supplemental benefit because of my age.

p. Respondents did not target or treat in the same way similarly situated younger employees.

q. The age discriminatory conduct to which I was subjected constitutes a continuing violation.

r. Respondents' age discriminatory conduct toward me has caused me emotional distress.

JCH



B. 1. Respondents' Stated Reasons

a. Respondents offered no legitimate, nondiscriminatory explanation for failing to pay me and/or denying me the early retirement supplemental benefit while affording that benefit to younger employees.

b. Respondents offered no legitimate, nondiscriminatory explanation for failing to disclose to me the early retirement supplemental benefit while disclosing the same to younger employees.

C. 1. Statutes and Bases for Allegations

I believe that Respondents have discriminated against me based on my age (62), in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO") as set forth herein.

# Exhibit 2

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/03/2026

**To:** Mr. John C. Herens
[redacted]
Cape May, NJ 08204
Charge No: 530-2026-08542

EEOC Representative and #: Legal Unit

267 589 9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-08542.

On behalf of the Commission,

Digitally Signed By:Jamie Williamson
09/03/2026

Jamie Williamson
Deputy District Director